UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD O., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C20-0503-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner found Plaintiff not eligible for Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI) between November 14, 2012, and November 12, 2017, after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for a finding of disability.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1988.[1] He has a GED and training as a dental assistant, and

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

at the time of the most recent administrative hearing he had been working as a cable television installer for approximately two years. (AR 283, 690.)

Plaintiff applied for DIB and SSI in January 2014, alleging disability as of November 14, 2012. (AR 236-49.) Those applications were denied and Plaintiff timely requested a hearing. (AR 130-33, 136-41.)

In November 2016, ALJ Kimberly Boyce held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 28-73.) In June 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 10-21.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in September 2017 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded for further administrative proceedings. (AR 761-86.) The ALJ held another hearing in October 2019, where Plaintiff amended his applications to request a closed period of disability from November 14, 2012, to November 12, 2017, in light of his employment after that period. (AR 686-723.) In December 2019, the ALJ issued a decision finding Plaintiff not disabled during that closed period (AR 668-79), and Plaintiff now seeks judicial review of that decision.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not

engaged in substantial gainful activity during the adjudicated period. (AR 671.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's affective disorder, anxiety disorder, cluster B traits, attention deficit hyperactivity disorder, Asperger's syndrome, and cannabis use. (AR 671.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 671-72.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following nonexertional limitations: he could understand, remember, and carry out simple, routine tasks and follow short, simple instructions. He could perform work that requires little or no judgment, and could perform simple duties that can be learned on the job in a short period. He could cope with occasional work setting change and occasional, routine interaction with supervisors. He could work in proximity to coworkers, but not in a team or cooperative effort. He could perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded. (AR 672-73.) With that assessment, the ALJ found that during the adjudicated period, Plaintiff was unable to perform past relevant work or the work he was currently performing. (AR 677.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations,

such as commercial cleaner, stores laborer, and industrial cleaner. (AR 678.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, (2) assessing the medical opinions, and (3) failing to account for VE testimony showing that Plaintiff's limited ability to interact with supervisors is disabling.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Medical evidence

Plaintiff challenges the ALJ's assessment of the DSHS examining psychologist opinions, as well as the State agency non-examining consultant opinions.

Legal standards

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

---

[2] In light of the Court's finding reversible error in the ALJ's assessment of the medical opinions and the ALJ's failure to account for all of the VE's testimony at step five, the Court need not address the assignment of error related to Plaintiff's subjective testimony. Even if that portion of the decision were affirmed, it would not impact the other errors, and it would not raise serious doubt as to whether Plaintiff was disabled during the adjudicated period.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The weight afforded the opinions of non-examining sources "depend[s] on the degree to which they provide supporting explanations for their medical opinions." 20 C.F.R. § 404.1527(c)(3). "The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

<u>Examining psychologists</u>

The record contains DSHS form opinions completed by three examining psychologists in 2012, 2013, and 2015. (AR 491-522.) The ALJ summarized the examination reports and discounted them because (1) the examining psychologists reviewed few, if any, medical records, and thus had limited objective foundation for their opinions as to Plaintiff's functioning and instead relied on Plaintiff's non-credible self-report; (2) the psychologists did not provide any rationale for rating Plaintiff's functional limitations as marked or severe (and such ratings essentially equate to an opinion that Plaintiff is disabled, which is an issue reserved to the Commissioner); (3) the psychologists' checkbox ratings were inconsistent with the many normal findings referenced in their mental status examinations; and (4) the opinions were inconsistent with the overall record, which contained many normal medical findings and documented Plaintiff's social and work capabilities. (AR 676-77.)

The ALJ offered many of these reasons in the prior decision, along with other reasons not repeated, and the prior court remand order found these reasons to be legally erroneous. (AR 17-

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

19, 777-83.)  Thus, applying the law of the case doctrine, the Court cannot affirm reasoning previously found to be erroneous.  *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) ("The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case.").

The new lines of reasoning are also insufficient.  First, that the examiners did not provide a specific rationale for their checkbox limitations does not undermine their opinions because the forms they completed did not ask them to provide a specific rationale.  (AR 491-522.)  The form does contain a "clinical findings" section, which each examiner completed.  (AR 492, 503-04, 514-15.)  When the DSHS opinions are read as a whole, the Court finds that the ALJ unreasonably characterized the opinions as unexplained.  (AR 676.)

Next, the examining psychologists properly opined as to how Plaintiff's symptoms impact his ability to complete various workplace functions (AR 493, 505, 515-16); the checkbox ratings do not, as suggested by the ALJ, simply indicate whether Plaintiff can work or is disabled.  Thus, the ALJ's finding that the DSHS opinions addressed "legal conclusions reserved to the Commissioner" (AR 676) is not based on a reasonable reading of the DSHS opinions.

Lastly, the ALJ found the DSHS opinions to be inconsistent with Plaintiff's ability to live with roommates (including children), care for a dog, and work beginning in November 2017, during a time when he was not seeking treatment.  (AR 677.)  It is not clear how Plaintiff's ability to care for a dog is inconsistent with the DSHS opinions, and the DSHS opinions were written years before Plaintiff worked or moved in with roommates.  For these reasons, the Court finds that the activities cited by the ALJ are not meaningfully inconsistent with the DSHS opinions, and thus do not constitute a legitimate reason to discount the opinions.

Accordingly, the Court finds that the ALJ failed to provide legally valid reasons to discount

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

the DSHS opinions.

State agency opinions

The ALJ noted that her RFC assessment was more restrictive than the non-examining State agency consultants' opinions, but the ALJ nonetheless gave weight to much of the State agency opinions. (AR 675-76.) Although Plaintiff notes that generally non-examining provider opinions are entitled to less weight (Dkt. 12 at 12), Plaintiff has not established that the ALJ erred in crediting the State agency opinions to some degree here: he has failed to show that the State agency opinions were contradicted by all of the remaining evidence in the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Plaintiff goes on to argue that the ALJ also failed to fully account for the State agency opinions that Plaintiff's concentration, persistence, and pace "may be slowed at times due to attentional issues, however [he] is capable of completing a normal workday/workweek." (AR 81, 91, 105, 117.) Plaintiff points to VE testimony that an employee's being off-task 10% of the workday is work-preclusive (Dkt. 12 at 12 (citing AR 719)), but the State agency consultants did not opine that Plaintiff would be off-task 10% of the workday, and instead indicated that Plaintiff was capable of completing a normal workday/workweek. The ALJ did not err in failing to account for the State agency consultants' speculation that Plaintiff "may" have attention deficits. *See Khal v. Colvin*, 2015 WL 5092586, at *7 (D. Or. Aug. 27, 2015), *aff'd sub nom*, *Khal v. Berryhill*, 690 Fed. Appx. 499 (9th Cir. Apr. 28, 2017); *Shelly A. O. v. Comm'r of Social Sec. Admin.*, 2020 WL 3868504, at *10 (D. Or. Jul. 8, 2020) ("An ALJ is not required to incorporate limitations phrased equivocally into the [RFC].").

VE testimony

At step five, the Commissioner bears the burden to show that a claimant is not disabled

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

because he or she can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 416.960(c)(2).  In this case, the ALJ relied on the VE's testimony that a hypothetical claimant with Plaintiff's age, education, work experience, and RFC could perform three unskilled jobs, in finding him not disabled at step five.  (AR 678-79.)

At the prior administrative hearing in 2016, however, a different VE testified that unskilled jobs require an initial training period, and that during that training period, if Plaintiff was limited to occasional interaction with the employee training them (based on the ALJ's RFC restriction to "occasional interaction with supervisors" (AR 14)), then Plaintiff would not be able to maintain those jobs.  (AR 71-72.)

The ALJ's RFC assessment in the current decision includes a restriction to "occasional, routine interaction with supervisors" (AR 672-73), but the VE was not asked how this limitation would impact Plaintiff's ability to complete an initial training period at the 2019 administrative hearing.  (AR 686-723.)

Plaintiff now argues that in light of the 2016 VE testimony regarding his inability to complete an initial training period due to an inability to interact with supervisors for the requisite amount of time, the ALJ's RFC assessment compels a finding of disability.  Dkt. 12 at 2-3 (citing *Gatliff v. Comm'r of Social Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) (holding that "substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time")).  The Commissioner offers two arguments in response, and neither is persuasive.

First, the Commissioner argues that the 2016 VE testimony was offered in response to an alternate hypothetical posed by counsel, and does not reflect the ALJ's hypothetical/RFC assessment.  Dkt. 13 at 17.  But counsel did not pose an alternate hypothetical; he asked whether

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

unskilled jobs the VE had identified required an initial training period. (AR 71.) The VE's testimony that unskilled jobs do indeed require an initial training period clarifies the requirements of the jobs identified by the VE in response to the *ALJ's* hypothetical. (AR 71.) The VE's testimony further clarifies that during the initial training period, the hypothetical claimant would need to interact with the employee training him (whether that was the hypothetical claimant's official supervisor or merely a co-worker) on a more than occasional basis. (AR 71-72.) Because the only reasonable reading of the VE's testimony suggests that *all* unskilled jobs would require this initial training period, which would require more than occasional interaction with the training supervisor/employee, the 2016 VE testimony establishes that a restriction to occasional supervisor interaction would preclude Plaintiff's ability to perform the unskilled jobs identified at step five in the current decision.

Second, the Commissioner argues that the VE's testimony was equivocal, because he testified that he "doesn't think" Plaintiff could remain on the job if he could not tolerate the interaction required during an initial training period. (AR 72.) This is not a reasonable reading of the VE's testimony. The phrasing of the VE's answer signals that his testimony reflects his opinion, but does not indicate any equivocality in his opinion.

Because the 2016 VE testimony establishes that a hypothetical claimant with the social limitations described in both the 2017 and 2019 ALJ decisions would not be able to maintain the unskilled jobs identified at step five, the Commissioner has not met his burden to show that Plaintiff was not disabled at step five.

## Remedy

In this case, the Court has found harmful error in the ALJ's assessment of the examining psychologist opinions and the step-five findings. The Court has discretion to remand for further

proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). *Accord Leon v. Berryhill*, 880 F.3d 1044, 45 (9th Cir. 2017).

To remand for an award of benefits, the Court must find:  (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) that the record has been fully developed and further administrative proceedings would serve no useful purpose, a determination that includes consideration of whether any outstanding issues must be resolved before determining disability; and (3) that, if improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter*, 806 F.3d at 495; *Treichler*, 775 F.3d at 1105; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).[3]

Also, even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy and may remand for further proceedings where, considering the record as a whole, serious doubt remains as to whether a claimant is, in fact, disabled. *Brown-Hunter*, 806 F.3d at 495.  *See also Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.")  If the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

In this case, as explained *supra*, the ALJ erred in rejecting the examining psychologists' opinions, and also erred in failing to account for the VE's testimony regarding the impact of the

---

[3] As clarified by the Ninth Circuit, the Court considers the existence of outstanding issues *before* considering whether to credit evidence as true. *Leon*, 880 F.3d at 1046; *Treichler*, 775 F.3d at 1101.

supervisor contact limitation in the RFC assessment, and thus the first prong of the credit-as-true rule is satisfied. The second prong is also satisfied because this case involves a remote closed period of disability, and therefore the record has been fully developed and there are no outstanding issues to be resolved during additional proceedings. The third and final prong is also met, because the DSHS opinions describe disabling limitations and the VE's testimony also indicates that the supervisor contact limitation in the RFC assessment would be disabling. Thus, this is the rare case where a remand for a finding of disability is the appropriate remedy.

Although the Commissioner argues in a mostly boilerplate section that the medical record and Plaintiff's lack of credibility "raises serious doubts" about whether Plaintiff was disabled during the adjudicated period (Dkt. 13 at 19), the Commissioner has not pointed to any particular aspect of this case that raises serious doubt. The Court does not find serious doubts on this record, where the ALJ has already been afforded two opportunities to assess the same medical opinions to no avail, and where Plaintiff originally applied for benefits more than six years ago. *See Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985) (noting administrative proceedings would only prolong already lengthy process and delay benefits). The VE testimony indicates that the supervisor contact limitation — which was included in the ALJ's first RFC assessment as well as the second RFC assessment — would be work-preclusive, and the Court declines to provide the ALJ another opportunity to examine the same record to reach a different result.

///

///

///

///

///

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for a finding of disability.

DATED this <u>9th</u> day of November, 2020.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 12